IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARTHUR KENNETH SWANSON, JR., § § *Plaintiff,* § § v. § § ROEHL TRANSPORT, INC., PAUL § WADE CONNELL, § § *Defendants.* § | CASE NO. 2:09-CV-205-TJW |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for New Trial (Dkt. No. 84). The Court held a hearing on this motion as well as on the issue of whether the Court should grant a new trial on damages based on the jury's failure to award damages for past and future pain and suffering on September 13, 2010. Having considered the briefing, the testimony of the witness at the hearing, the argument of the parties, and the applicable law, the Court is of the opinion that the motion should be DENIED-in-part and GRANTED-in-part. The Court DENIES a new trial based on Plaintiff's allegations of jury misconduct, but GRANTS a new trial solely on the issue of damages for past and future pain and suffering.

I.  **Background**

This case arises out of a collision between Plaintiff Arthur Swanson, Jr. ("Plaintiff" or "Swanson") and Defendant Paul Connell ("Defendant" or "Connell") at the intersection of Highway 59 and Highway 49 in Jefferson, Texas. A jury trial was held in this case on June 16 and 17, 2010. The jury reached a verdict finding Defendants liable and awarding Plaintiff $96,449.89 in damages. The Court subsequently reduced Plaintiff's recovery to $49,189.00 per

1

the jury's apportionment of Plaintiff's responsibility in the amount of 49%. The Court entered a final judgment in the case on June 24, 2010. Plaintiff then filed this Motion for New Trial based on juror misconduct. Plaintiff relies on the written statement and testimony of one juror, Ms. Guthrie, that another juror "practiced a test run toward an intersection" during the trial and concluded that she could easily stop her car going 40 m.p.h. without interfering with the intersection. The juror then reported the results of this test drive to the rest of the jury during deliberations. Ms. Guthrie testified that no other jurors relayed their experiences driving during the jury deliberations and that the jury did not discuss Ms. Guthrie's "experiment" during the deliberations.

Plaintiff also moves for a new trial based on Ms. Guthrie's statement and testimony that at least one juror insisted that "the law required oncoming traffic to yield to the 18 wheeler the moment the 18 wheeler crossed the white line at the beginning of the intersection." Plaintiff argues that this demonstrates that the jury misunderstood the jury instructions and applicable law and, thus, necessitates a new trial.

Plaintiff's Motion for New Trial does not argue for a new trial on damages based on the fact that the jury did not award past or future pain and suffering damages. However, after the verdict was read, Plaintiff's counsel stated: "there was no contraverting evidence and there was evidence of pain and suffering in this case." During the trial, the parties stipulated that Mr. Swanson missed roughly 14 weeks of work as a result of the accident and that his medical bills totaled roughly $89,000. In addition, Swanson testified at trial that, as a result of the accident, he suffered the following injuries:

- o eight broken ribs;

2

- a torn rotator cuff in left shoulder which required surgery;
- a concussion;
- three fractured thoracic vertebrae; and
- his top four teeth were knocked out.

In addition to these injuries, Swanson testified that he was in an induced coma after the accident and that he had difficulty speaking as a result of the removal of a breathing tube and the fact that four of his front teeth had been knocked out. Additionally, he testified that his energy level was reduced after the accident and that this had a negative impact on his social life and his ability to care for his mother, who he lives with. He also testified that he was bed ridden for weeks after the accident, that coughing felt like a knife, and that he suffered back, shoulder, and neck pain. Furthermore, Swanson testified that he sometimes stayed in the same outfit for days because it was too painful to shower and change clothes and that he suffered back and shoulder pain up until the day of trial and would continue to suffer back and shoulder pain in the future. Finally, Swanson testified that he was distressed over his inability to take care of himself and his mother during this time. The Defendants did not dispute Swanson's injuries at trial and offered no real evidence to rebut his testimony regarding his past and future pain and suffering.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(a) the court "may, on motion, grant a new trial on all or some of the issues–and to any party . . . after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ." FED. R. CIV. P. 59(a). The regional circuit law applies to motions for new trials. *See Riverwood Intern. Court v. R.A. Jones & Co., Inc.,* 324 F.3d 1346 (Fed. Cir. 2003). In the Fifth Circuit, "[t]he decision

to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999).

Postverdict investigation into juror misconduct would in some instances lead to the invalidation of verdicts reached after irresponsible or improper juror behavior. *Tanner v. U.S.*, 483 U.S. 107, 121 (1987). However, Federal Rule of Evidence 606(b)[1] mandates against the use of juror testimony, with the exception of testimony relating to extraneous influences, to impeach a verdict. *Id.*; *see also Oliver v. Quarterman*, 541 F. 3d 329, 336 (5th Cir. 2008) (noting that internal influences provide no basis for relief); *Weaver v. Puckett*, 896 F. 2d 126, 128 (5th Cir. 1990) ("Fed. R. Evid. 606(b) makes juror testimony incompetent to impeach a jury verdict.").

**III. Analysis**

    **A. Juror "Experiment"**

Plaintiff argues that the juror's driving "experiment" and reporting of the results of that "experiment" to the rest of the jury introduced extraneous prejudicial information to the jury which constitutes jury misconduct and necessitates a new trial. Defendants, however, argue that the juror's statement cannot be considered by the Court in deciding whether to grant a motion for new trial because it does not meet one of the exceptions to Federal Rule of Evidence 606(b), which prohibits the use of juror testimony to impeach a verdict. Specifically, the Defendants

---

1 Rule 606(b) states:
> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

4

argue that Ms. Guthrie's statement and testimony, at best, describes one of the juror's experiences driving a car on Texas roadways and that this experience is so common that a juror cannot be expected to leave it outside of the deliberation room. Accordingly, the juror's portrayal of her driving experience does not rise to the level of being extraneous prejudicial information upon which a juror may testify under the exceptions to Rule 606(b).

A juror's affidavit may not be received as evidence on a matter about which the juror would be precluded from testifying, and a juror may testify regarding only three aspects of events surrounding deliberations: (1) whether extraneous prejudicial information was improperly brought to the jury's attention; (2) whether any outside influence was improperly brought to bear upon any juror; or (3) whether there was mistake in entering the verdict onto the verdict form. *See* FED. RULE EVD. 606(b); *U.S. v. Jackson*, 549 F.3d 963, 984 (5th Cir. 2008).

The Fifth Circuit has interpreted this portion of Rule 606(b) as follows:

> Post-verdict inquiries into the existence of impermissible extraneous influences on a jury's deliberations are allowed under appropriate circumstances so that a jury-man may testify to any facts bearing upon the question of the existence of any extraneous influence, although not as to how far that influence operated upon his mind.

*Llewellyn v. Stynchcombe*, 609 F.2d 194, 196 (5th Cir.1980) (citations and internal quotations omitted). Put another way, under Rule 606(b), "the district court is precluded from investigating the subjective effects of any [allegedly prejudicial extrinsic matter] on any jurors." *United States v. Howard*, 506 F.2d 865, 869 (5th Cir.1975). "Rule 606(b) embodies the distinction developed by the federal courts precluding inquiry into the subjective deliberation process of the jury, while allowing juror testimony as to objective events or incidents that constitute external or extraneous influences on the jury." *Martinez v. Food City, Inc.,* 658 F.2d 369, 373 (5th Cir. 1981).

5

However, a new trial is not required in all cases unless the extraneous influence upon the jury creates a "reasonable possibility of prejudice." *Lanza v. Poretti*, 537 F.Supp. 777, 782 (E.D. Pen. 1982) (citing *United States v. Pinto*, 486 F.Supp. 578, 579 (E.D. Pa. 1980); *United States v. Stoehr*, 196 F.2d 276, 283 (3rd Cir. 1952), cert. denied, 344 U.S. 826, 73 S.Ct. 28, 97 L.Ed. 643 (1952)). Because the Court cannot investigate the subjective effects of any allegedly prejudicial extraneous influences on the jury, the question of whether prejudice resulted from the juror's experiment must be resolved by the Court drawing reasonable inferences as to the probable effect of the juror's misconduct. "Though a judge lacks even the insight of a psychiatrist, he must reach a judgment concerning the subjective effects of objective facts without benefit of couch-interview introspections." *United States v. Howard*, 506 F.2d 865, 869 (5th Cir. 1975).

In *Lanza v. Poretti*, a Pennsylvania district court held that, in a case to recover for loss caused by a fire that allegedly resulted from the careless disposal of smoking and waste materials, an unauthorized jury room experiment consisting of burning two cigars to determine their burn time did not improperly influence the verdict so as to necessitate a new trial. 537 F.Supp. 777, 784 (E.D. Pen. 1982). The district court noted that "[i]n so far as the 'test' had the effect of introducing new evidence out of the presence of the court and parties, it was patently improper since such a procedure conflicts with the fundamental rule that jurors decide the merits of cases based upon evidence presented in the adversary arena." *Id*. at 782. However, the district court held that the unauthorized experiment did not influence the jury's decision making process because the experiment consumed less than ten minutes of the four-hour deliberations, was discussed only briefly, no conclusion was reached from the experiment, and the prejudicial

6

potential in relation to the key issues of arson or careless smoking was speculative at best. *Id*. at 785.

Based on Ms. Guthrie's testimony that the jury did not discuss Ms. Guthrie's "experiment" at all during the deliberations and that no other jurors relayed their driving experiences, the Court finds that even if the juror's description of her driving "experiment" was improper and introduced extraneous information into the jury deliberations, it did not influence the jury's decision making process and, thus, did not create a reasonable probably of prejudice. Accordingly, the Court denies Plaintiff's request for a new trial based on juror misconduct on these grounds.

### B. Misunderstanding of Jury Instructions or Applicable Law

Plaintiff also argues for a new trial based on Ms. Guthrie's assertion that "a number of jurors insisted that the law required oncoming traffic to yield to the 18 wheeler the moment the 18 wheeler crossed the white line at the beginning of the intersection." Plaintiff argues that this constitutes juror misconduct because it suggests that the jury applied an incorrect legal standard that was contrary to the jury instructions given by the Court. The Fifth Circuit has unambiguously stated that "[r]ule 606(b) has consistently been used to bar testimony when the jury misunderstood instructions." *United States v. Jones*, 132 F.3d 232, 245-46 (5th Cir.1998). In *Robles v. Exxon Corp*., the Fifth Circuit held that receiving testimony from jurors after they have returned their verdict, for the purpose of ascertaining that the jury misunderstood the Court's instructions, is absolutely prohibited by Rule 606(b). 862 F.2d 1201, 1204 (5th Cir.), *cert. denied*, 490 U.S. 1051, 109 S.Ct. 1967, 104 L.Ed.2d 434 (1989). The Fifth Circuit underscored that holding by noting that "the legislative history of the rule unmistakably points to

the conclusion that Congress made a conscious decision to disallow juror testimony as to the jurors' mental processes or fidelity to the court's instructions." *Id*. at 1205. Accordingly, the portion of Ms. Guthrie's statement regarding the jury's alleged misunderstanding of the Court's instructions may not be used to impeach the jury's verdict and, thus, cannot be employed as grounds for a new trial based on juror misconduct.

### C. New Trial on Damages

Although Plaintiff did not specifically request a new trial solely on the issue of damages in its motion for new trial, the Court finds that a new trial on damages is required in the interest of justice because the jury's failure to award damages for past and future physical pain and mental anguish is contrary to the great weight of the evidence. Under Federal Rule of Civil Procedure 59(d), the Court may order a new trial for a reason not stated in the motion for new trial. FED. R. CIV. PRO. 59(d). Partial retrials are also permissible under Rule 59, although they "should not be resorted to unless it appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Colonial Leasing of New England, Inc. v. Logistics Control INt'l*, 770 F.2d 479, 481 (5th Cir. 1985).

In diversity cases such as this, state law determines the type of evidence that must be produced to support the verdict, but the sufficiency or insufficiency of the evidence in relation to the verdict is indisputably governed by the federal standard. *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989). Under Texas law, once liability is established, a jury must award some amount for each element of damages that is objectively proven. *Garcia v. Wal-Mart Stores, Inc.*, 192 F.3d 127, * 2 (5th Cir. 1999) (citing *Sansom v. Pizza Hut of East Texas, Inc.*, 617 S.W.2d 288, 294 (Tex.Civ.App.—Tyler 1981, no writ)). To ensure an award for a particular

element of damages, a plaintiff must present clear and uncontroverted evidence on that element. *Id.*

Mental anguish under Texas law is defined as "intense pain of body or mind . . . or a high degree of mental suffering." *Jones*, 870 F.2d at 987 (citing *Cactus Drilling Co. v. McGinty*, 580 S.W.2d 609 (Tex.Civ.App.—Amarillo 1979, no writ)). Texas law presumes that mental suffering will follow severe injury. *Id.* (citing *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113, 120 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)); *Texas & New Orleans R.R. Co. v. Cade*, 351 S.W.2d 663, 664 (Tex.Civ.App.—Waco 1961, writ ref'd n.r.e.). The Plaintiff put on clear evidence of his past physical pain and mental anguish resulting from the car accident including that he missed roughly 14 weeks of work, suffered eight broken ribs, a torn rotator cuff which required surgery, a concussion, three fractured thoracic vertebrae, and that his top four teeth were knocked out. Swanson also testified that he was in an induced coma after the accident, that he had difficulty speaking after the accident as a result of the removal of the breathing tube and loss of his front four teeth, that his energy level was greatly reduced, and that this affected his social life and his ability to care for his mother. Swanson also testified that he was bed ridden and in pain for weeks after the accident and that coughing and dressing resulted in pain. Furthermore, Swanson testified that the he was distressed over his inability to care for his mother and that he suffered back and shoulder pain up until the day of trial and would continue to suffer the same pain in the future. Defendants failed to rebut this evidence.

Thus, because the jury found that Defendants were liable for Plaintiff's injuries, and Plaintiff presented clear and uncontroverted evidence of Swanson's past and future pain and suffering, Plaintiff is legally entitled to damages for his past and future pain and suffering.

However, the jury did not award any amount of money for Plaintiff's past and future physical pain and mental anguish. "Although the amount of damages is ordinarily left to the discretion of the jury, they may not ignore undisputed facts and arbitrarily deny any recovery for damages" that the Plaintiff is entitled to by law. *Sansom*, 617 S.W.2d at 293. Where there is nothing in the record controverting the fact that the Plaintiff did suffer an injury, "the jury is not free to disregard the fact that an injury has occurred and find no damage." *Id.* (citing *Lowrey v. Berry*, 269 S.W.2d 795, 797 (1954)). Accordingly, the jury's award of $0 for past and future physical pain and mental anguish is against the great weight of the evidence.

Although Plaintiff did not raise this issue in his motion for new trial, in the interest of justice, the Court orders a new trial solely on the issue of damages for Swanson's past and future pain and suffering. The issue of damages is distinct and separable from the liability issues such that it may be tried without retrying the entire case. Accordingly, the Court orders a new trial solely on the issue of damages for past and future pain and suffering.

**IV. Conclusion**

For the forgoing reasons, the Court DENIES-in-part and GRANTS-in-part Plaintiff's Motion for New Trial (Dkt. No. 84) and ORDERS a new trial solely on the issue of damages for past and future pain and suffering. The parties will be limited to the exhibits available to them during the original trial and will likewise be subject to the Court's evidentiary rulings from the original trial. Jury selection for the new trial on damages is set for **January 4, 2011, at 9:00 a.m. in the United States District Court, 100 E. Houston Street, Marshall, Texas.**

SIGNED this 15th day of September, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE